473 A.2d 1067

**Bernard L. SCHLEETER**

v.

**Clarence J. INTRIERI, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1984.

Filed March 16, 1984.

Gibson Smith, York, for appellant.

Lewis Pierce Sterling, York, for appellee.

Before WICKERSHAM, DEL SOLE and MONTEMURO, JJ.

MONTEMURO, Judge:

This matter is before the court on the appeal of Clarence J. Intrieri, Jr. from the dismissal of his exceptions to a non-jury verdict.[1] The lower court's verdict was entered upon a finding that appellant had defaulted on a mortgage to Bernard L. Schleeter, appellee. Appellant does not dispute that appellee was entitled to a verdict in his favor, but argues only that the lower court erred in calculating one portion of the interest awarded.

Appellant borrowed $13,500 from appellee on November 7, 1975. The loan was secured by a mortgage, the terms of which were not contested. The mortgage provides that the sum of $13,500 would be paid back in monthly installments of $321.17, said installments including interest at the rate of 15% per year on the principal debt. Appellant made the monthly payments in a timely fashion for two years. Thereafter, most payments were late and finally on July 10, 1980, appellee exercised his option to call due the remaining principal. As of July 10, 1980, appellant had paid back $11,953.18 of the principal leaving the remaining unpaid principal at $1,546.82.

---

1. The court *en banc* slightly amended the verdict in accordance with appellant's exposure of an error in computation, however, appellant's major contention was dismissed.

Appellee instituted this action to recover the remaining principal, interest on the principal, interest on the late payments, and attorney's fees under the mortgage. The final verdict awarded appellee $5,863.45, said sum including an amount of $3,631.40 as interest on the late payments. Appellant complains that this award of $3,631.40 as late payment interest was erroneous. We agree.

The lower court found that twenty-nine payments due from December 31, 1977, to July 10, 1980, were paid; however, payment was overdue in each case. It then set forth a table of calculations representing the interest due on each late payment; the sum totaling $3,631.40. The lower court calculated interest due on each late payment by multiplying the contractual interest rate of 15% per annum, times the portion of the year over which the payment was late, times the *principal balance* on the date that the payment was due. Thus, for the first late payment due on January 7, 1978, the lower court assessed *interest* of $354.82. This means that because appellant was 94 days late in paying his January 7, 1978, installment of $321.17, he had to pay an additional $354.82 in interest! This result is preposterous.

Interest is the compensation allowed by law or fixed by contract for the deprivation of the use of money. When there is no such deprivation, no interest can be awarded. 19 P.L.E. Interest and Usury § 3. In the case of a late payment, the deprivation to the payee is the use of the *amount of the payment* for the period of time during which the payee was entitled to payment. The lower court improperly and incomprehensibly reasoned that when a $321.17 payment was late, the payee was deprived of the entire remaining principal and should get interest based on the amount of the entire remaining principal. Until the debt was called in on July 10, 1980, however, the appellee was only entitled to a $321.17 payment each month. Appellee was not deprived of the use of the entire remaining principal when a payment was late, but only $321.17.

236

■ The proper calculation for the interest due on the January 7, 1978, payment is as follows:

Interest on payment due
January 7, 1978 = 15% $\frac{\text{Interest}}{\text{year}}$ x $\frac{94 \text{ days of use}}{365 \text{ days/year}}$ x $321.17 \text{ amount of payment}$
= $12.41

Applying these computations to all twenty-nine late payments found by the lower court, the total interest to be awarded appellee on late payments is $196.41. Specifically, interest due on each late payment is as follows:

| Due Date | Days Late | Interest |
|---|---|---|
| Jan. 7, 1978 | 94 | $ 12.41 |
| Feb. 7, 1978 | 64 | 8.45 |
| Mar. 7, 1978 | 34 | 4.49 |
| May 7, 1978 | 88 | 11.61 |
| June 7, 1978 | 58 | 7.66 |
| July 7, 1978 | 38 | 5.02 |
| Aug. 7, 1978 | 92 | 12.14 |
| Sept. 7, 1978 | 62 | 8.18 |
| Oct. 7, 1978 | 32 | 4.22 |
| Nov. 7, 1978 | 2 | .26 |
| Dec. 7, 1978 | 74 | 9.77 |
| Jan. 7, 1979 | 62 | 8.18 |
| Feb. 7, 1979 | 32 | 4.22 |
| Mar. 7, 1979 | 58 | 7.66 |
| Apr. 7, 1979 | 38 | 5.02 |
| May 7, 1979 | 86 | 11.35 |
| June 7, 1979 | 56 | 7.39 |
| July 7, 1979 | 36 | 4.75 |
| Aug. 7, 1979 | 4 | .53 |
| Sept. 7, 1979 | 93 | 12.27 |
| Oct. 7, 1979 | 63 | 8.32 |
| Nov. 7, 1979 | 33 | 4.36 |
| Dec. 7, 1979 | 12 | 1.58 |
| Jan. 7, 1980 | 58 | 7.66 |
| Feb. 7, 1980 | 28 | 3.70 |
| Mar. 7, 1980 | 2 | .26 |
| Apr. 7, 1980 | 93 | 12.27 |
| May 7, 1980 | 63 | 8.32 |
| June 7, 1980 | 33 | 4.36 |
| | Total | $196.41 |

Accordingly, we reverse the judgment of the lower court and remand for reduction of late payment interest in conformity with this opinion. We note also that in reducing this portion of the award, the award for attorney's fees which was based on a percentage of the principal and interest awards, will correspondingly be reduced.